# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARVIN CABBAGESTALK, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2: 14-cv-1677 |
| v. | ) | District Judge Cathy Bissoon |
| UNITED STATES OF AMERICA WESTERN DIST., MR. HUDSON, WARDEN, FCI RAYBROOK; and MR. ELLIS, RECORD MANAGER, FCI RAYBROOK, | ) | Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is recommended that this prisoner civil rights action be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of New York.

**II.  REPORT**

    **A.  Background**

Marvin Caggabestalk ("Cabbagesetalk") is a state inmate currently incarcerated at the State Correctional Institution at Benner Township ("SCI-Benner Township") in Bellefonte, Pennsylvania. Plaintiff has filed a motion for leave to proceed *in forma pauperis* and attached a Complaint against the "United States of America West. Dist," the Warden at FCI Ray Brook, and the Record Manager at FCI Ray Brook. Cabbagestalk brings this action under 28 U.S.C. § 1331. (ECF No. 1-2).

Prior to his incarceration at SCI-Benner Township, Cabbagestalk was in federal custody at FCI Raybrook. FCI Ray Brook is located within the territorial limits of the United States

1

District Court for the Northern District of New York. Cabbagestalk contends that as a result of Defendants' conduct he "served a total of 'Four Hundred and Forty Seven Days', in illegal status." He also contends that Warden Hudson "in retaliation" had Cabbagestalk transferred back to "state custody" under a fraudulent warrant from the Pennsylvania State Parole Board.

**B**.   **Venue**

In cases, such as this one, in which subject matter jurisdiction is not founded solely on the parties' diversity of citizenship, the federal venue statute holds venue proper only in the following districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Court finds that venue is improper in this district. First, the complaint reflects that the defendants are not located in this district. Thus, the first requirement has not been met. Venue is also improper under the second requirement since a "substantial part" of the events giving rise to Cabbagestalk's claims did not occur in the Western District of Pennsylvania. In fact, all of the complained of conduct giving rise to Cabbagestalk's claims occurred at FCI Ray Brook, which is located within the territorial limits of the United States District Court for the Northern District of New York. Venue is also inappropriate under the third requirement because this case can proceed in the Northern District of New York. Thus, there exists a "district in which the action may otherwise be brought."

In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

### C. Transfer Under 28 U.S.C. § 1406(a)

Having determined that venue in this case is improper in this district, the Court must decide whether to dismiss the case or transfer the case to a district where venue is properly laid, pursuant to 28 U.S.C. § 1406(a). That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962).

As an initial matter, is clear that this action could have been brought in the Northern District of New York. All of the relevant activity in this case occurred while Cabbagestalk was incarcerated at FCI Ray Brook.

Next, the Court must choose whether to transfer the case to the Northern District of New York or dismiss the case outright. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th ed. 2013); *see also Holiday v. Bally's Park Place, Inc.*, No. 06–4588, 2007 WL 2600877, at *2 (E.D.Pa. Sept.10, 2007) ("Generally, transfer to the proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with instituting a new lawsuit. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a)); *Cf. Ray v. Kertes,* 285 F.3d 287, 297 (3d Cir. 2002) (indicating that a district court may address affirmative defenses that are "apparent from the face of the complaint.")

Thus, in the interest of justice, the Court recommends that this case be transferred to the United States District Court for the Northern District of New York.

### III. Conclusion

For the foregoing reasons, it is respectfully recommended that this case be transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Local Rule 72, Plaintiff is permitted to file written objections to this Report and Recommendation within fourteen (14) days after date of service. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

It is also recommended that a ruling on Plaintiff's *in forma pauperis* motion be deferred to the transferee court.

/s Cynthia Reed Eddy  
CYNTHIA REED EDDY  
United States Magistrate Judge

Dated: January 23, 2015

cc: MARVIN CABBAGESTALK  
DU-6337  
301 Institution Drive  
Bellefonte, PA 16823