**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MARVIN CABBAGESTALK,

                Plaintiff,

    v.                                                                  No. 9:15-CV-167 (GLS/CFH)

DONALD HUDSON, WARDEN;

                Defendant.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                            **OF COUNSEL:**

Marvin Cabbagestalk
Plaintiff Pro Se
DU-6337
SCI Benner Township
301 Institution Drive
Bellefonte, Pennsylvania 16823

HON. RICHARD S. HARTUNIAN          CHARLES E. ROBERTS, ESQ.
United States Attorney for the            Assistant United States Attorney
    Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
Attorney for Defendant

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Marvin Cabbagestalk, an inmate who was, at all relevant times, in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at FCI Ray Brook,

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

brings this Bivens action against defendant Warden Donald Hudson,[2] alleging that defendant Hudson violated his constitutional rights by transferring him from federal to state custody after plaintiff filed a grievance against him. Dkt. No. 7 ("Compl.") ¶ 6. Plaintiff further alleges that Hudson showed deliberate indifference to plaintiff's claim that he was being held in "illegal status." Id.

Plaintiff commenced this action on December 12, 2014 in the Western District of Pennsylvania. See Compl. at 1. By Memorandum-Decision and Order dated February 12, 2015, United States District Judge Cathy Bissoon transferred this action to the Northern District of New York. Dkt. No. 4.

Presently pending is Hudson's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 25. Plaintiff did not file a response.

For the reasons that follow, it is recommended that defendant Hudson's motion be granted.

## I. Background

For a discussion of plaintiff's allegations against defendant Hudson, the Court refers the parties to the Senior United States District Judge Gary L. Sharpe's Decision and Order, entered May 27, 2015. Dkt. No. 12.

## II. Discussion

---

[2] Plaintiff also named FCI Ray Brook's Record Manage, Ellis, in his original complaint. See Compl. ¶ 5. However, Ellis has not been served the complaint in this action.

**A. Moving Papers**

Defendant Hudson moves to dismiss the complaint, or, in the alternative, for summary judgment. Dkt. No. 25. The Certificate of Service enclosed with Hudson's motion states that a Notification of the Consequences of Failing to Respond to a Summary Judgment Motion was mailed to plaintiff with the present motion. Dkt. No. 25-8. However, the motion submitted to the Court does not contain a copy of that Notification.

Summary judgment may not be entered against a pro se litigant without first notifying the pro se litigant that failure to respond could result in a default judgment against him or her. Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Although, "an easily comprehensible notice from the party moving for summary judgment . . . suffice[s]," Id., Hudson has failed to provide the Court with a copy of the notice that plaintiff actually received. Accordingly, the Court cannot determine from Hudson's papers whether plaintiff was properly on notice of the consequences of failing to respond to this motion. See Hernandez v. Coffey, 582 F.3d 303, 309 (2d Cir. 2009) (holding that a court may convert a motion to dismiss into a motion for summary judgment only where there is "a clear indication" that the plaintiff understood the consequences of summary judgment, as well as the steps that they could take to defeat the motion). Notice to a pro se litigant is particularly important because "the *pro se* litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues.'" Id. at 307 (quoting Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983). As such, the Court must be satisfied that the plaintiff received "unequivocal" notice of the consequences of the conversion. Id. at 307-08 (citation omitted).

Here, the Court was not provided a copy of the Notice sent to plaintiff. Additionally,

plaintiff's letter requesting an extension of time to respond to Hudson's motion specifically requested time to respond to the "motion to dismiss." Dkt. No. 29. The letter does not acknowledge that plaintiff was aware that the motion to dismiss could be converted into a motion for summary judgment. See id. Because the Court cannot determine from Hudson's moving papers whether plaintiff received the proper notice of the consequences of conversion, the Court declines to convert Hudson's motion to dismiss into a motion for summary judgment.[3]

### B. Legal Standard

Under Fed. R. Civ. P. 12 (b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

---

[3] Additionally, the Court notes that Hudson has failed to submit a Statement of Material Facts in compliance with the Northern District of New York's Local Rules. Hudson submitted a "Statement of Material Facts Not in Dispute" that merely reiterates, in only five paragraphs, the allegations in plaintiff's complaint. See Dkt. No. 27. As such, Hudson has not submitted any fact that plaintiff could dispute. Even if plaintiff were inclined to respond, it is axiomatic that the response would admit to the truth of each statement, thereby leaving the Court unable to determine whether a genuine factual dispute exists.

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (internal citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Where, as here, a party seeks judgment against pro se litigants, a court must afford the non-moving parties special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a

-5-

court is obliged to construe his pleadings liberally." (internal citations omitted)).

Additionally, the Court notes that because it is not clear whether plaintiff received unequivocal notice of the consequences of conversion to a motion for summary judgment, the Court cannot consider matters outside of the pleadings. Buculei v. United States, No. 04 CV 4503(NG)(LB), 2006 WL 1581415, at *5 (E.D.N.Y. June 2, 2006) (citations omitted). Accordingly, the Court cannot consider any attachments or exhibits to Hudson's motion.

### C. First Amendment Retaliation

Plaintiff alleges that Hudson transferred him back to "State Custody" under a fraudulent warrant, in retaliation for plaintiff's filing a "BP-9."[4] Compl. ¶ 6. Hudson contends that plaintiff has failed to show that Hudson was actually involved in the transfer, and has therefore failed to show Hudson's personal involvement in the alleged constitutional violation. Dkt No. 25-7 at 5.

Courts are to "approach [First Amendment] retaliation claims by prisoners 'with skepticism and particular care[.]'" See, e.g., Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (quoting Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema, N. A., 534 U.S. 506 (2002)). A retaliation claim under section 1983 may not be conclusory and must have some basis in specific facts that are not inherently implausible on their face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); South Cherry St., LLC v. Hennessee Group LLC, 573 F.3d 98, 110 (2d Cir. 2009). "To

---

[4] A BP-9 Form is a formal submission of a grievance to the Warden of a BOP facility. See Torres v. Anderson, 674 F. Supp. 2d 394, 395 (E.D.N.Y. 2009).

-6-

prove a First Amendment retaliation claim under Section 1983, a prisoner must show that '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009) (quoting Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004), overruled on other grounds by Swierkiewicz, 534 U.S. 506 (2002)).  If the plaintiff meets this burden, the defendants must show, by a preponderance of the evidence, that they would have taken the adverse action against the plaintiff "even in the absence of the protected conduct." Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). "Types of circumstantial evidence that can show a causal connection between the protected conduct and the alleged retaliation include temporal proximity, prior good discipline, finding of not guilty at the disciplinary hearing, and statements by defendants as to their motives." See Barclay v. New York, 477 F. Supp. 2d 546, 558 (N.D.N.Y. 2007).  In order to prove an adverse action, a plaintiff must show that the defendant's "'retaliatory conduct . . . would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . . Otherwise, the retaliatory act is simply de minimis, and therefore outside the ambit of constitutional protection.'" Roseboro v. Gillespie, 791 F. Supp. 2d 353, 366 (S.D.N.Y. 2011) (quoting Dawes, 239 F.3d at 292-93).

It is well-settled that an inmate does not have a right to be incarcerated in a particular institution.  Soto v. Iacovino, No. 01 Civ. 5850(JSM), 2003 WL 21281762, at *2 (S.D.N.Y. June 4, 2003) (citing Montanye v. Haymes, 427 U.S. 236, 96 (1976)). "However, otherwise constitutional acts may be actionable if taken in retaliation for the exercise of First Amendment rights."  Id. (citations omitted).

Here, plaintiff has satisfied the first prong of First Amendment retaliation analysis. The filing of a grievance constitutes protected speech under the First Amendment. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996). Moreover, an inmate's transfer to a different facility does constitute adverse action if done in retaliation for the inmate's exercise of his or her rights under the First Amendment. Smith v. Levine, 510 F. App'x 17, 21 (2d Cir. 2013).

In considering the factors relevant to the third prong of the analysis, the only factor by which the Court can infer a causal connection between the protected speech and the adverse action is the temporal proximity between the two. Plaintiff alleges that he filed a BP-9 form on July 20, 2013, and was transferred to a different facility approximately twenty-three days later on August 13, 2013. Compl. ¶ 6. Although the connection is somewhat tenuous, the Court finds that, in deference to the special solicitude afforded to pro se litigants, he has alleged sufficient facts to overcome Hudson's motion for dismissal. As stated in footnote 4, infra, plaintiff's BP-9 Form is a grievance what would have been sent directly to Hudson. Given that plaintiff was transferred to a different facility only twenty-three days later, the inference is that plaintiff was transferred because he filed the BP-9 Form. At this early stage of the litigation, even viewing the allegations "with skepticism and particular care," plaintiff has managed to state a plausible First Amendment retaliation claim against Hudson. See Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009) (finding that the passage of six months between the protected speech and the adverse action was sufficient to raise the inference of a causal connection); Vega v. Artus, 610 F. Supp. 2d 185, 207 (N.D.N.Y. 2009) (denying motion to dismiss where it was "plausible" that the plaintiff was held back from work after filing a grievance).

For the reasons stated above, the Court must also reject Hudson's personal involvement defense. Personal involvement may be shown where "the defendant participated directly in the alleged constitutional violation." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). Here, plaintiff alleges that Hudson was effected the retaliatory transfer of plaintiff to a different facility in retaliation for a grievance he filed. Thus, plaintiff has pled sufficient facts to establish Hudson's personal involvement.

Accordingly, it is recommended that Hudson's motion on this ground be denied.

### D. Calculation of Sentence

Plaintiff contends that Hudson incorrectly determined calculated his sentence, and failed to tabulate his time credit and release eligibility. Compl. ¶ 6. Hudson contends that plaintiff is not entitled relief on this claims because a habeas petition is the proper action to seek relief for this claim. Dkt. No. 25-7 at 6-7.

To the extent that plaintiff challenges the calculation of his sentence, a civil rights action pursuant to Bivens is not the appropriate vehicle. The Supreme Court has stated that actions "challenging the fact or duration of [an inmate's] physical confinement [are] the heart of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). However, this Circuit has stated that habeas relief is the proper procedure where the plaintiff is both challenging the length of his imprisonment, and seeking immediate or speedier release. Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2d Cir. 1990). Here, plaintiff seeks monetary damages, as opposed to relief. In Heck v. Humphrey, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a . . . plaintiff must prove that the conviction or sentence
has been reversed on direct appeal, expunged by executive order
. . . or called into question by a federal court's issuance of a writ
of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[5] Here, a judgment in plaintiff's favor in regard to his claim that his sentence was incorrectly tabulated would essentially render the sentence invalid. Because plaintiff has failed to state that his sentence has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus, he has failed to state a claim that would entitled him to relief.[6]

Accordingly, it is recommended that Hudson's motion on this ground be granted.

### E. Dismissal Under Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41 provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y.L.R. 41.2(b). Since a dismissal under Rule 41(b) "is a harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996) (citation omitted). Furthermore, where the plaintiff is appearing pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies . . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d

---

[5] The Second Circuit has stated that the precedents set forth by the Supreme Court in Heck also apply to Bivens actions. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

[6] The Court notes that a habeas petition filed by plaintiff in the Western District of Pennsylvania objecting to the calculation of his maximum sentence date was denied in 2015. See Cabbagestalk v. Bd. of Probation and Parole, No. 2:14-cv-0329, 2015 WL 285638 (W.D. Pa. Jan. 22, 2015).

Cir.1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006) (stating that a pro se litigant is entitled to "special solicitude"). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir.1994)) (additional citation omitted).

When evaluating the aforementioned five factors, all compel dismissal. Plaintiff has not had any contact with the Court for over eight months. It appears that sometime during the last eight months, plaintiff was released from custody at SCI Brenner Township. Dkt. No. 32. To the extent that plaintiff could contend that he failed to receive the above notices and orders, such failures stem from plaintiff's failure to comply with the local rules and provide the Court with an updated address. See N.D.N.Y.L.R. 10.1(c)(2) ("All . . . pro se litigants must immediately notify the Court of any change of address."). The text order issued by the Court on January 11, 2016 explained that a failure to respond and update his address would result in a recommendation to dismiss his case. The notification was proper. The fact that Brooks did not receive it based on his failure to comply with the local rules cannot be imputed upon the Court. Accordingly, the first two factors weigh in favor of dismissal.

-11-

The prejudice to defendants from plaintiff's continued failures results primarily in the inability of Hudson to conclude the present litigation. Defendants have diligently defended the instant action, filing this motion for dismissal. Plaintiff did not file a response. Thus, defendants would be prejudiced due to their inability to further litigate this action without participation the participation of plaintiff.

The need to alleviate court calendar congestion also compels dismissal. This case, which is not unduly complex, has been pending for over a year and a half, but there is not end in sight given plaintiff's failure to contact the Court. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions). With this delay must also be balanced plaintiff's right to due process. Plaintiff's right to due process has been scrupulously honored here. Thus, in these circumstances, the balance of these factors weighs in favor of the need to alleviate court congestion.

Against this must be balanced the efficacy of lesser sanctions than dismissal. Courts have "broad discretion to enforce . . . obligations and may, in appropriate circumstances, use the extreme sanction of a default judgment . . . ." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990) (citations omitted). As discussed supra, plaintiff would have received adequate notice concerning the consequences of his failures had he continued to remain active in this litigation and comply with the Local Rules. Thus, the only question that remains is whether the sanction of dismissal is appropriate. Lesser sanctions are insufficient to address the prejudice to defendants. Monetary sanctions would be empty gestures in light of plaintiff's in forma pauperis status. Given the procedural posture of the case, it cannot move forward without plaintiff's participation, and

plaintiff has been absent from this litigation for over eight months.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing plaintiff's failures to fulfill his obligations to prosecute this case. No meaningful alternative but dismissal is left.

Accordingly, it is recommended that this case be dismissed in its entirety as to all claims and all defendants pursuant to Fed. R. Civ. P. 41 and N.D.N.Y.L.R. 41.2(a).

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendant Hudson's motion for dismissal (Dkt. No. 25) pursuant to Fed. R. Civ. P. 12(b)(6) of plaintiff's complaint (Dkt. No. 7) be:

1. **GRANTED** as to the claims concerning plaintiff's sentence calculation.
2. **DENIED** as to the First Amendment retaliation claim against Hudson; and it is further

**RECOMMENDED** that this case be **DISMISSED** in its entirety as to all claims and all defendants pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE**

**APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: August 29, 2016
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge